# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2019-KA-00675-COA

**DEVON KENTDRELL NELSON A/K/A DEVON KENDRELL NELSON**  **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**  **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 02/25/2019 |
| TRIAL JUDGE: | HON. ROGER T. CLARK |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT, FIRST JUDICIAL DISTRICT |
| ATTORNEYS FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER BY: GEORGE T. HOLMES W. DANIEL HINCHCLIFF |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: ALICIA MARIE AINSWORTH |
| DISTRICT ATTORNEY: | JOEL SMITH |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 05/26/2020 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE CARLTON, P.J., GREENLEE AND McCARTY, JJ.**

**McCARTY, J., FOR THE COURT:**

¶1. Devon Nelson was convicted of one count of possession of less than ten grams of crack cocaine with intent to distribute and one count of felony fleeing. He was sentenced as a habitual offender to serve twenty years for the possession charge and five years for the felony fleeing charge, with the sentences ordered to run concurrently for a total of twenty years in the custody of the Mississippi Department of Corrections (MDOC).

¶2. Finding no arguable issue on appeal, Nelson's court-appointed counsel filed a brief

stating there were no arguable issues for appeal. Nelson was given additional time to file a pro se supplemental brief, but he did not file one.

¶3. After carefully reviewing the record, we agree there are no arguable issues for appeal. Accordingly, we affirm.

**FACTS**

¶4. Deputy Christopher Allen saw a silver sedan speeding down Interstate 10 in Gulfport, Mississippi, and began to follow it. He had just received information that the Gulfport Police Department was in pursuit of a car fitting the same description. Once the deputy caught up to the sedan, he turned on his lights and sirens, signaling the driver to pull over. The driver ignored the signal and accelerated instead. This resulted in a high-speed chase exceeding 100 miles per hour. While still speeding, the car exited the interstate, crossed an intersection, and crashed into a fence.

¶5. The driver fled the scene on foot; he was later identified as Devon Nelson. Deputy Allen and his K-9, Gunny, pursued Nelson until they lost the trail. News that Nelson had been spotted in a nearby wooded area came over the radio. Another officer picked up Deputy Allen and Gunny and dropped them off in that area. There, Deputy Allen and Gunny were able to pick back up on Nelson's trail. Deputy Allen spotted Nelson and ordered him to stop. Nelson refused the deputy's instruction and continued to run. Deputy Allen then released Gunny and apprehended Nelson.

¶6. A search of Nelson's car was conducted at the scene of the crash. The search produced three bags of crack cocaine, weighing approximately ten grams, and a small digital

2

scale. Nelson was arrested. He was later indicted by a grand jury for one count of possession with intent to distribute and one count of felony fleeing. The State moved to amend the indictment and charge Nelson as a habitual offender under Mississippi Code Annotated section 99-19-81 (Rev. 2015). Nelson had previously been convicted of the felony charge of taking possession of or taking away a motor vehicle, for which he was sentenced to five years in the MDOC's custody. Nelson was later charged with unlawful possession of a firearm or weapon by a convicted felon, for which he was sentenced to ten years in the MDOC's custody.

¶7. The case went before the jury, and after the State had presented its proof, Nelson sought a directed verdict, which was denied. A unanimous jury found him guilty of both counts. The trial court sentenced Nelson to serve twenty years for the possession charge and five years for felony fleeing, with both sentences to be served concurrently.

**ANALYSIS**

¶8. This appeal is governed by *Lindsey v. State*, 939 So. 2d 743 (Miss. 2005), in which the Mississippi Supreme Court established a procedure to be followed when "appellate counsel represents an indigent criminal defendant and does not believe his or her client's case presents any arguable issues on appeal." *Id*. at 748 (¶18). In such cases, the appellate counsel must submit a brief certifying

> that there are no arguable issues supporting the client's appeal, and he or she has reached this conclusion after scouring the record thoroughly, specifically examining: (a) the reason for the arrest and the circumstances surrounding arrest; (b) any possible violations of the client's right to counsel; (c) the entire trial transcript; (d) all rulings of the trial court; (e) possible prosecutorial misconduct; (f) all jury instructions; (g) all exhibits, whether admitted into

3

evidence or not; and (h) possible misapplication of the law in sentencing. *Id*.

¶9.     "Counsel must then send a copy of the appellate brief to the defendant, inform the client that counsel could find no arguable issues in the record, and advise the client of his or her right to file a pro se brief." *Id*.  "Once briefing is complete, the appellate court must consider the case on its merits and render a decision." *Id.*

¶10.    Here, Nelson's appellate counsel complied with the procedures set forth in *Lindsey*. Counsel filed a brief stating that he "diligently searched the procedural and factual history of this criminal action and scoured the record searching for any arguable issues on appeal . . . [and] found none."  Counsel informed Nelson that he could not find any arguable issues in the record and that he had a right to file a pro se brief.  Nelson was given an additional forty days to file a pro se brief, but he did not file one.

¶11.    After a rigorous review of the record in its entirety, there are no viable issues to be argued on appeal.  As a result, we affirm Nelson's convictions and sentences.

¶12.    **AFFIRMED.**

**BARNES, C.J., CARLTON AND J. WILSON, P.JJ., GREENLEE, WESTBROOKS, TINDELL, McDONALD, LAWRENCE AND C. WILSON, JJ., CONCUR.**

4